IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRENT L. ALFORD,**

    **Petitioner,**

    v.                                                                 CASE NO. 19-3059-SAC

**SAM CLINE, Warden,**
**El Dorado Correctional Facility,**

    **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner proceeds pro se and has paid the filing fee.

**Background**

Petitioner was sentenced in the Sedgwick County District Court in August of 1993, in Case No. 93-CR-401. On appeal, the Kansas Supreme Court affirmed Petitioner's sentences. *State v. Alford*, 896 P.2d 1059 (Kan. 1995).

Petitioner previously filed a petition under Section 2254 on allegations of error related to his state conviction in Case No. 93-CR-401. *See Alford v. Cline*, Case No. 11-3062-SAC. The Court dismissed the petition as time-barred on June 2, 2011. *Id*. at Doc. 4. On August 2, 2016—more than five years later—Petitioner filed a motion for relief from void judgment, which was denied on January 24, 2017. *Id*. at Doc. 9. Petitioner appealed the district court's denial of his Rule 60(b) motion. The Tenth Circuit concluded that reasonable jurists could not debate the correctness of the district's court's decision, declined to issue a certificate of appealability ("COA"), and dismissed the matter. *Alford v. Cline*, No. 17-3017 (10th Cir. June 8, 2017).

**Analysis**

Because petitioner proceeds pro se, the Court liberally construes his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

As a state prisoner seeking relief from his sentence on the ground that it is invalid, a petitioner must proceed under 28 U.S.C. § 2254. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) ("To the extent that Mr. Davis is challenging the validity or legality of the sentence he is currently serving, his claim should be brought under § 2254.") In contrast, a challenge to the execution of a sentence is properly brought under 28 U.S.C. § 2241. *See id*. at 833.

In the instant petition, Petitioner claims his due process rights were violated at the sentencing proceeding when out-of-court hearsay statements were considered by the jury without a foundation or the ability to cross-examine. Petitioner asks the Court to "[v]acate hard 40 sentence and remand to state court for resentencing to a lawful sentence." (Doc. 1, at 7.) Petitioner's challenge clearly is to the validity, and not the execution of, his current sentence. Accordingly, the Court construes this petition as an action filed under § 2254.

A prisoner may not file a second or successive action under § 2254 without first obtaining authorization from the circuit court of appeals allowing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Without such authorization, "[a] district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

When a district court receives a successive petition without the necessary authorization, the court may either dismiss it for lack of jurisdiction or transfer it to the circuit court in the interest of justice. *Id*. at 1252. In the present case, the Court finds no grounds to transfer the action to the Tenth Circuit Court of Appeals. Petitioner's earlier action was dismissed as

untimely.  Petitioner offers no extraordinary grounds that might warrant equitable tolling of the limitation period.  Accordingly, the Court will dismiss this matter for lack of jurisdiction.  This dismissal will not prevent Petitioner from seeking authorization independently.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is liberally construed as a petition filed under 28 U.S.C. § 2254.  Because the petition, so construed, is a second application under Section 2254, the matter is dismissed for lack of jurisdiction.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 10th day of April, 2019.**


                                      <u>S/ Sam A. Crow</u>
                                      **SAM A. CROW**
                                      **SENIOR U.S. DISTRICT JUDGE**